## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**ANTHONY LEROY DAVIS,**

**Petitioner,**

**v.**                                                           **CASE NO. 23-3084-JWL**

**STATE OF KANSAS, et al.,[1]**

**Respondents.**

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner and state prisoner Anthony Leroy Davis. Petitioner filed a motion for leave to proceed in forma pauperis (Doc. 2), and the Court will grant it. The Court has screened the Petition (Doc. 1) under Rule 4 of the Rules Governing Habeas Corpus Cases and dismisses it for failure to state a plausible claim for relief.

### Background

Petitioner was convicted in state court in 1989 of first-degree felony murder, aggravated robbery, and aggravated arson, and he was sentenced to a total of life plus 25 years in prison. *See State v. Davis*, 247 Kan. 566, 567, 569 (1990) (*Davis I*); *Davis v. State*, 2021 WL 218903, *1 (Kan. Ct. App. 2021) (unpublished opinion) (*Davis II*), *pet. for rev. dismissed* Feb. 2021. In 2016, while

---

[1] Petitioner has named the State of Kansas and Kansas Attorney General Kris Kobach as respondents to this action. The proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."); Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts (authorizing the Court to apply the Rules to habeas petitions not brought under § 2254, such as those brought under § 2241) and Rule 2(a) ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.") Thus, Dan Schnurr, the current warden of Hutchinson Correctional Facility where Petitioner is confined, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

Petitioner was serving his sentence, he punched a correctional officer; a jury later convicted him of battery of a law enforcement officer, and he was sentenced to an additional 65 months in prison. *State v. Davis*, 2019 WL 5090467, at *1 (Kan. Ct. App. 2019) (unpublished opinion) (*Davis III*), *rev. denied* Sept. 24, 2020.

Petitioner filed his petition in this matter (Doc. 1) on March 29, 2023.  While unclear, Petitioner appears to request a finding of innocence.

### Rule 4 Review

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254.  Rule 1(b) authorizes district courts to apply the Rules to habeas petitions not brought under § 2254, such as those brought under § 2241.  Because Petitioner is proceeding pro se, the Court liberally construes the pleading, but it may not act as Petitioner's advocate.  *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).  "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  It "may not rewrite a petition to include claims that were never presented."  *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

As Ground One of the petition, Petitioner alleges that his right to a speedy trial was violated.  (Doc. 1, at 7).  He cites generally to the Sixth Amendment to the United States Constitution, Section 10 of the Constitution of the State of Kansas, and K.S.A. 22-3402(a).  As the supporting facts for Ground One, Petitioner states: "Petitioner's arraignment on May 12th, 1988, the trial on February 28, 1989: a "cabal" trial that was so prejudicial – unfair it doesn't make sense

to imprison me for it." *Id*. at 8.

In Ground One, Petitioner is challenging the validity of a state conviction.  A petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is used to challenge the validity of a state court conviction, while a petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 is used to challenge the execution of a sentence.  *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).  "[B]ecause AEDPA places some strict limitations on habeas petitions, a district court must follow certain procedures, including notification, before re-characterizing pro se pleadings as claims under § 2254." *Lynn v. Roberts*, 2008 WL 5411067, at *3 (citing *Davis v. Roberts*, 425 F.3d 830, 835 (10th Cir, 2005).  "Of particular relevance here, 28 U.S.C. § 2244(b) limits the circumstances in which a petitioner may proceed with a second or successive habeas corpus action under § 2254 and further provides that: [b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Lynn*, 2008 WL 5411067, at *3 (citing 28 U.S.C. § 2244(b)(3)(A); *Davis*, 425 F.3d at 835; *Yellowbear*, 525 F.3d at 924.)

Petitioner has previously filed petitions under § 2254 in this Court.  *See Davis v. Zmuda*, Case No. 21-3208 (D. Kan.); *Davis v. Schnurr*, Case No. 20-3269 (D. Kan.).  Therefore, any successive petition under that section would require prior authorization from the court of appeals. *See Davis v. Schnurr*, Case No. 20-3269, at Doc., 46, n.1 ("The Court . . . dismissed Ground Four for lack of jurisdiction because it attempted to challenge Petitioner's 1989 convictions, regarding which he has already attempted multiple times to obtain federal habeas relief."), Doc. 66 (Tenth Circuit Court of Appeal's Order Denying Certificate of Appealability finding that Petitioner failed to show entitlement to COA regarding dismissal of his § 2254 petition regarding his 2017

conviction).  Petitioner has not obtained such authorization.  Thus, Ground One is subject to dismissal.

As Ground Two, Petitioner cites the Fourteenth Amendment right to due process and the Bill of Rights under the Kansas Constitution.  (Doc. 1, at 7).  He refers to "the need to expand this record to include . . . evidence of Petitioner's 'actual innocence' challenge to Respondents preconviction custody on the ground that the Kansas prosecution used evidence against Petitioner that was false and that the prosecution knew it was false."  *Id.*

As with Ground One, Ground Two appears to be challenging the validity of Petitioner's conviction.  It is therefore subject to dismissal for the same reason.

Ground Three cites the "fundamental guaranteed First Amendment right to petition the government for a redress of grievances, challenge Respondents' preconviction custody."  *Id.*  For supporting facts, Petitioner states, "An example of id. type of error might be a federal judge's improper refusal to let Petitioner pro se layperson present a strong alibi defense.  The State of Kansas deprive[d] Petitioner of his right to speak by access to the courts, in custody."  *Id.*

Petitioner may be attempting to challenge his current conditions of confinement in Ground Three.  If so, an action under 42 U.S.C. § 1983 is the proper avenue to bring such claims.  *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012).  The Court has repeatedly reminded Petitioner "that conditions-of-confinement claims cannot be brought in a habeas petition."  *See Davis v. Schnurr*, 2023 WL 171929, *2 (D. Kan. Jan. 12, 2023) (unpublished memorandum and order).  As a three-strikes litigant under 28 U.S.C. § 1915, Petitioner "may not avoid the statutory restrictions on three-strikes litigants by characterizing his conditions-of-confinement claims as claims in a § 2241 petition."  *Id.* (citation omitted).

On the other hand, it is possible that Petitioner's reference to an alibi indicates that he is

again challenging the validity of his conviction. If so, Ground Three is subject to dismissal for the same reasons as Grounds One and Two.

Last, Ground Four is even less comprehensible. Petitioner refers to the Rules 6, 7, and 8 of the rules governing federal habeas actions; discovery; the lack of impartial appointed counsel; the lack of statute of limitations for first degree murder; proving that the actual innocence exception exists; and exculpatory evidence. (Doc. 1, at 8). Rules 6, 7, and 8 of the Rules Governing Section 2254 Cases provide for discovery, expanding the record, and evidentiary hearings, respectively. These rules describe procedures applicable to federal habeas proceedings and do not provide any basis for habeas relief. Because Ground Four fails to identify a legal basis for Petitioner's claim for federal habeas relief under 28 U.S.C. § 2241, it is subject to dismissal.

### Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant." The Tenth Circuit has held that this requirement also applies to petitions brought under 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that Dan Schnurr, Warden of Hutchinson Correctional Facility where Petitioner is confined, is substituted as Respondent in this matter.

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is **granted.**

**IT IS FURTHER ORDERED** that this matter is **dismissed without prejudice** for failure to state a plausible claim for relief.  No certificate of appealability will issue.


**IT IS SO ORDERED.**

**DATED:  This 1st day of May, 2023, at Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**United States District Judge**
